**Philip M. Giordano, Esq. (BBO No. 193530)**
  **(pgiordano@reedgiordano.com)**
**Lee E. Rajsich, Esq. (BBO No. 676714)**
  **(lrajsich@reedgiordano.com)**
**Giordano & Company, P.C.**
**REED & GIORDANO, P.A.**
**101 Tremont Street, Suite 900**
**Boston, Massachusetts 02108-5005**
**(617) 723-7755; Facsimile: (617) 723-7756**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

=====================================

| | |
|---|---|
| **COMMODITY FUTURES TRADING COMMISSION,** | |
| **Plaintiff,** | |
| v. | Civil Action No. 1:12-CV-11799-RGS |
| **JOHN B. WILSON, and JBW CAPITAL LLC,** | **DEMAND FOR TRIAL BY JURY** |
| **Defendant** | |

=====================================

**ANSWER OF DEFENDANTS JOHN B. WILSON AND**
**JBW CAPITAL, LLC TO COMPLAINT AND DEMAND FOR JURY TRIAL**

**INTRODUCTION**

The Defendants, John B. Wilson (hereinafter "Wilson") and JBW Capital, LLC (hereinafter "JBW" or "JBW Capital")(collectively the "Defendants"), respectfully submit their Answer and Demand for Trial by Jury (hereinafter "Answer") to the Complaint for Preliminary and Permanent Injunctive and Other Equitable Relief and Civil Monetary Penalties Under the Commodity Exchange Act, Jury Trial Demanded (hereinafter the "Complaint") of the Plaintiff, the Commodity Futures

Trading Commission (hereinafter the "Plaintiff", the "Commission" or the "CFTC"), stating as follows:

**DEFENDANTS' SPECIFIC RESPONSES
TO ALLEGATIONS CONTAINED IN THE COMPLAINT**

The Defendants hereby respond to the numbered paragraphs of the Plaintiff's Complaint as follows:

A)  The Defendants state that the introductory language speaks for itself and that to the extent that such unnumbered Paragraph calls for legal conclusions and to which no response is necessary, and to the extent that any further response is necessary, the Defendants deny the Plaintiff's remaining allegations in the unnumbered Paragraph of the Complaint

**I. SUMMARY**

1)  The Defendants deny the allegations of Paragraph 1 of the Complaint.

2)  The Defendants deny the allegations of Paragraph 2 of the Complaint.

3)  The Defendants deny the allegations of Paragraph 3 of the Complaint.

4)  The Defendants lack sufficient knowledge, information or belief regarding the Plaintiff or as to what it seeks, as stated in the allegations in Paragraph 4 of the Complaint and, states that such Paragraph calls for legal conclusions and to which no response is necessary, and, to the extent any further response is required, the Defendants deny the Plaintiff's remaining allegations in the Paragraph 4 of the Complaint.

5)  The Defendants lack sufficient knowledge, information or belief regarding the Plaintiff or as to what it seeks, as stated in the allegations in Paragraph 5 of the Complaint and, state that such Paragraph calls for legal conclusions and to which no response is necessary, and, to the

extent any further response is required, the Defendants deny the Plaintiff's remaining allegations in the Paragraph 5 of the Complaint.

## II. JURISDICTION AND VENUE

6) The Defendants state that such Paragraph calls for legal conclusions and to which no response is necessary, and, to the extent any further response is required, the Defendants deny the Plaintiff's remaining allegations in the Paragraph 6 of the Complaint.

7) The Defendants state that such Paragraph calls for legal conclusions and to which no response is necessary, and, to the extent any further response is required, the Defendants deny the Plaintiff's remaining allegations in the Paragraph 7 of the Complaint.

## III. PARTIES

8) The Defendants admit that the Plaintiff is an independent federal regulatory agency, and state that such Paragraph calls for legal conclusions and to which no response is necessary, and, to the extent any further response is required, the Defendants deny the Plaintiff's remaining allegations in the Paragraph 8 of the Complaint.

10)[sic] The Defendants admit that Wilson is a resident of Boston, Massachusetts and, to the extent any further response is required, the Defendants deny the Plaintiff's remaining allegations in the Paragraph 10 [sic] of the Complaint.[1]

---

[1] The Paragraphs in the Complaint are incorrectly numbered, in that there is no Paragraph "9", and the ninth Paragraph is numbered as "10." For the remainder of the Answer, the Defendants shall respond to the number, as it appears in the Complaint, and not in accordance with its actual numbering. Therefore, the Defendants will answer to Paragraph "11" with a reference to "11" (as compared to "10").

11) The Defendants admit that JBW is Massachusetts limited liability company and, to the extent any further response is required, the Defendants deny the Plaintiff's remaining allegations in the Paragraph 11 of the Complaint.

## IV. STATUTORY BACKGROUND

12) The Defendants state that such terms speak for themselves and the Paragraph calls for legal conclusions and to which no response is necessary, and, to the extent any further response is required, the Defendants deny the Plaintiff's remaining allegations in the Paragraph 12 of the Complaint.

13) The Defendants state that such terms speak for themselves and the Paragraph calls for legal conclusions and to which no response is necessary, and, to the extent any further response is required, the Defendants deny the Plaintiff's remaining allegations in the Paragraph 13 of the Complaint.

14) The Defendants state that such terms speak for themselves and the Paragraph calls for legal conclusions and to which no response is necessary, and, to the extent any further response is required, the Defendants deny the Plaintiff's remaining allegations in the Paragraph 14 of the Complaint.

## V. FACTS

### A. Acting as Unregistered CPOs

15) The Defendants admit that JBW is Massachusetts limited liability company, that the JBW Certificate of Organization speaks for itself, and, to the extent any further response is required, the Defendants deny the Plaintiff's remaining allegations in the Paragraph 15 of the Complaint.

16) The Defendants deny the allegations of Paragraph 16 of the Complaint.

17) The Defendants deny the allegations of Paragraph 17 of the Complaint.

18) The Defendants state that JBW opened an account, which speaks for itself, and, to the extent any further response is required, the Defendants deny the Plaintiff's remaining allegations in the Paragraph 18 of the Complaint.

19) The Defendants state that M.F. Global, Inc. (Hereinafter "MF Global") had a business relationship with JBW, which documents speaks for themselves, and, to the extent any further response is required, the Defendants deny the Plaintiff's remaining allegations in the Paragraph 19 of the Complaint.

20) The Defendants deny the allegations of Paragraph 20 of the Complaint.

21) The Defendants deny the allegations of Paragraph 21 of the Complaint.

22) The Defendants deny the allegations of Paragraph 22 of the Complaint.

23) The Defendants deny the allegations of Paragraph 23 of the Complaint.

24) The Defendants state that such terms speak for themselves and the Paragraph calls for legal conclusions and to which no response is necessary, and, to the extent any further response is required, the Defendants deny the Plaintiff's remaining allegations in the Paragraph 24 of the Complaint.

25) The Defendants state that such transcript speaks for itself and to which no response is necessary, and, to the extent any further response is required, the Defendants deny the Plaintiff's remaining allegations in the Paragraph 25 of the Complaint.

26) The Defendants state that any such deposits speak for themselves and to which no response is necessary, and, to the extent any further response is required, the Defendants deny the Plaintiff's remaining allegations in the Paragraph 26 of the Complaint.

### B. Commodity Pool Fraud

27) The Defendants state that any such balances speak for themselves and to which no response is necessary, and, to the extent any further response is required, the Defendants deny the Plaintiff's remaining allegations in the Paragraph 27 of the Complaint.

28) The Defendants state that any such losses speak for themselves and to which no response is necessary, and, to the extent any further response is required, the Defendants deny the Plaintiff's remaining allegations in the Paragraph 28 of the Complaint.

29) The Defendants deny the allegations of Paragraph 29 of the Complaint.

30) The Defendants state that such transcript speaks for itself and to which no response is necessary, and, to the extent any further response is required, the Defendants deny the Plaintiff's remaining allegations in the Paragraph 30 of the Complaint.

31) The Defendants state that any such losses speak for themselves and to which no response is necessary, and, to the extent any further response is required, the Defendants deny the Plaintiff's remaining allegations in the Paragraph 31 of the Complaint.

32) The Defendants state that any such losses speak for themselves and to which no response is necessary, and, to the extent any further response is required, the Defendants deny the Plaintiff's remaining allegations in the Paragraph 32 of the Complaint.

33) The Defendants state that any such losses speak for themselves and to which no response is necessary, and, to the extent any further response is required, the Defendants deny the Plaintiff's remaining allegations in the Paragraph 33 of the Complaint.

34) The Defendants state that such document speaks for itself and to which no response is necessary, and, to the extent any further response is required, the Defendants deny the Plaintiff's remaining allegations in the Paragraph 34 of the Complaint.

35) The Defendants deny the allegations of Paragraph 35 of the Complaint.

36) The Defendants state that any such deposits speak for themselves and to which no response is necessary, and, to the extent any further response is required, the Defendants deny the Plaintiff's remaining allegations in the Paragraph 36 of the Complaint.

37) The Defendants state that such transcript speaks for itself and to which no response is necessary, and, to the extent any further response is required, the Defendants deny the Plaintiff's remaining allegations in the Paragraph 37 of the Complaint.

38) The Defendants state that such document speaks for itself and to which no response is necessary, and, to the extent any further response is required, the Defendants deny the Plaintiff's remaining allegations in the Paragraph 38 of the Complaint.

39) The Defendants state that such document speaks for itself and to which no response is necessary, and, to the extent any further response is required, the Defendants deny the Plaintiff's remaining allegations in the Paragraph 39 of the Complaint.

40) The Defendants state that any such deposits speak for themselves and to which no response is necessary, and, to the extent any further response is required, the Defendants deny the Plaintiff's remaining allegations in the Paragraph 40 of the Complaint.

41) The Defendants state that any such losses speak for themselves and to which no response is necessary, and, to the extent any further response is required, the Defendants deny the Plaintiff's remaining allegations in the Paragraph 41 of the Complaint.

# VI. VIOLATIONS OF THE COMMODITY EXCHANGE ACT

## COUNT I

### VIOLATIONS OF SECTION 4b(a)(1)(A)-( C) OF THE ACT

42) The Defendants repeat and restate their responses to the allegations of the previous Paragraphs and, to the extent any further response is required, deny such remaining allegations as contained in Paragraph 42 of the Complaint.

43) The Defendants state that such Paragraph calls for legal conclusions and to which no response is necessary, and, to the extent any further response is required, the Defendants deny the Plaintiff's remaining allegations in the Paragraph 43 of the Complaint.

44) The Defendants deny the allegations of Paragraph 44 of the Complaint.

45) The Defendants deny the allegations of Paragraph 45 of the Complaint.

46) The Defendants deny the allegations of Paragraph 46 of the Complaint.

47) The Defendants state that such Paragraph calls for legal conclusions and to which no response is necessary, and, to the extent any further response is required, the Defendants deny the Plaintiff's remaining allegations in the Paragraph 47 of the Complaint.

## COUNT II

### VIOLATIONS OF SECTION 4o(1)(A)-(B) OF THE ACT

### Fraud and Deceit by a CPO

48) The Defendants repeat and restate their responses to the allegations of the previous Paragraphs and, to the extent any further response is required, deny such remaining allegations as contained in Paragraph 48 of the Complaint.

49) The Defendants state that such Paragraph calls for legal conclusions and to which no response is necessary, and, to the extent any further response is required, the Defendants deny the Plaintiff's remaining allegations in the Paragraph 49 of the Complaint.

50) The Defendants deny the allegations of Paragraph 50 of the Complaint.

51) The Defendants deny the allegations of Paragraph 51 of the Complaint.

52) The Defendants deny the allegations of Paragraph 52 of the Complaint.

53) The Defendants deny the allegations of Paragraph 53 of the Complaint.

54) The Defendants deny the allegations of Paragraph 54 of the Complaint.

## COUNT III

## VIOLATIONS OF SECTION 4m(1) OF THE ACT

### Acting as an Unregistered CPO

55) The Defendants repeat and restate their responses to the allegations of the previous Paragraphs and, to the extent any further response is required, deny such remaining allegations as contained in Paragraph 55 of the Complaint.

56) The Defendants state that such Paragraph calls for legal conclusions and to which no response is necessary, and, to the extent any further response is required, the Defendants deny the Plaintiff's remaining allegations in the Paragraph 56 of the Complaint.

57) The Defendants state that such Paragraph calls for legal conclusions and to which no response is necessary, and, to the extent any further response is required, the Defendants deny the Plaintiff's remaining allegations in the Paragraph 57 of the Complaint.

58) The Defendants state that such Paragraph calls for legal conclusions and to which no response is necessary, and, to the extent any further response is required, the Defendants deny the Plaintiff's remaining allegations in the Paragraph 58 of the Complaint.

59) The Defendants deny the allegations of Paragraph 59 of the Complaint.

60) The Defendants deny the allegations of Paragraph 60 of the Complaint.

61) The Defendants deny the allegations of Paragraph 61 of the Complaint.

## VII. RELIEF REQUESTED

B) The Defendants deny the allegations, if any, as contained in the section entitled "Relief Requested" and that such Paragraphs call for legal conclusions and relief, and to which no response is necessary, and, to the extent any further response is required, the Defendants deny the remaining allegations as contained in "Relief Requested" Paragraph of the Complaint.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Plaintiff fails to state any claim upon which relief can be granted.

### Second Affirmative Defense

The Plaintiff's claims are groundless, frivolous, and insubstantial.

### Third Affirmative Defense

The Plaintiff's claims are barred by the doctrine of laches.

### Fourth Affirmative Defense

The Plaintiff is barred from recovery because it has waived rights,

if any, to assert the claims set forth in the Complaint.

### Fifth Affirmative Defense

The Defendants, at all times, has performed their duties,

obligations, and responsibilities, if any.

### Sixth Affirmative Defense

The Defendants are not responsible due to excuse.

### Seventh Affirmative Defense

The Defendants are not responsible due to mistake.

### Eighth Affirmative Defense

The Plaintiff is barred from recovery due to the applicable statute of limitations.

### Ninth Affirmative Defense

The Defendants, at all times, acted without malice, willfulness or intent.

### Tenth Affirmative Defense

The Defendants, at all times, acted in good faith.

### Eleventh Affirmative Defense

The Plaintiff is estopped from maintaining its claims.

### Twelfth Affirmative Defense

The Plaintiff is precluding from maintaining its

claims by reason of unclean hands of third-parties.

### Thirteenth Affirmative Defense

The purported damages alleged by the Plaintiff of third-parties were caused,

in whole or in part, by such third-parties' own actions and/or omissions.

### Fourteenth Affirmative Defense

The alleged contract between the third-parties and

the Plaintiff was void for lack of consideration.

### Fifteenth Affirmative Defense

The third-parties breached any alleged contract between themselves and

the Defendants and therefore are not entitled to enforce such contract.

### Sixteenth Affirmative Defense

There existed no contract between the Defendants and third-parties.

### Seventeenth Affirmative Defense

The Plaintiff has alleged no damages of third-parties from any conduct,

improper or otherwise, of the Defendants.

### Eighteenth Affirmative Defense

The third-parties breached their duty of good faith and fair dealing in

their actions, omissions and dealings with the Defendants.

### Nineteenth Affirmative Defense

The Plaintiff failed to satisfy conditions precedent

to any alleged contract between third-parties and the Defendants.

### Twentieth Affirmative Defense

The Plaintiff is barred from maintaining its claims due to promissory estoppel.

### Twenty-first Affirmative Defense

The Plaintiff is barred from maintaining its claims due to the doctrine of the statute of frauds.

### Twenty-second Affirmative Defense

The third-parties misrepresented material facts and omitted facts

which such third-parties had a duty to disclose and are barred from recovery.

### Twenty-third Affirmative Defense

The Plaintiff is barred from recovery due to a lack of reliance of third-parties.

### Twenty-fourth Affirmative Defense

The Plaintiff is barred from maintaining its claims

recovery due to the failure of third-parties to mitigate their damages.

### Twenty-fifth Affirmative Defense

The Defendants deny that they have at any time knowingly engaged in unlawful acts prohibited by the Commodities Exchange Act.

### Twenty-sixth Affirmative Defense

The Defendants deny that they will, in the future, engage in any unlawful acts prohibited by the Commodities Exchange Act.

### Twenty-seventh Affirmative Defense

The Plaintiff cannot show that the Defendants operated a commodity pool.

### Twenty-eighth Affirmative Defense

The Plaintiff cannot show a reasonable likelihood of future violations of the Commodities Exchange Act.

### Twenty-ninth Affirmative Defense

Neither the Plaintiff nor any third-party has any damages from any conduct, improper or otherwise, of the Defendants.

### Thirtieth Affirmative Defense

The Plaintiff cannot adequately show customer reliance.

## REQUESTS FOR RELIEF

WHEREFORE, the Defendants, John B. Wilson and JBW Capital, LLC, request that this Honorable Court grant them the following relief:

A) dismiss the Complaint, in its entirety and with prejudice, and enter judgment on behalf of the Defendants, John B. Wilson and JBW Capital, LLC, on the Complaint; and/or

B) any additional relief which this Honorable Court deems just and proper.

**DEFENDANTS DEMAND A TRIAL
BY JURY ON ALL COUNTS SO TRIABLE.**

>Respectfully Submitted,
>DEFENDANTS, John B. Wilson and JBW Capital, LLC
>
>By their Attorneys,
>
>   /s/ Philip M. Giordano
>Philip M. Giordano, Esq.
>(BBO # 193530); pgiordano@reedgiordano.com
>Lee E. Rajsich, Esq.
>(BBO # 676714); lrajsich@reedgiordano.com
>Giordano & Company, P.C.
>REED & GIORDANO, P.A.
>101 Tremont Street, Suite 900
>Boston, Massachusetts 02108-5005
>Telephone: (617) 723-7755
>Facsimile: (617) 723-7756

Dated: January 4, 2013

**CERTIFICATE OF SERVICE**

I, Philip M. Giordano, hereby certify that on this 4th day of January, 2013, I filed the foregoing using the CM/ECF system, which will provide notice to all parties.

*/s/ Philip M. Giordano*
Philip M. Giordano