UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11799-RGS

U.S. COMMODITY FUTURES TRADING COMMISSION

v.

JOHN B. WILSON AND JBW CAPITAL LLC

MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION
FOR RECONSIDERATION

July 17, 2014

STEARNS, J.

On May 16, 2014, the court granted plaintiff Commodity Futures Trading Commission's (CFTC) motion for summary judgment against defendants John B. Wilson and JBW Capital LLC for violations of the Commodity Exchange Act (CEA), 7 U.S.C. §§ 6m(1), 6b(a)(2)(i)-(iii), 6b(a)(1)(A)-(C),[1] and 6o(1)(A)-(B). The court granted the CFTC's request for injunctive relief, as well as its request for civil penalties pursuant to 7 U.S.C. § 13a-1(d)(1), and 17 C.F.R. § 143.8. The court denied the CFTC's request for the additional remedy of restitution. The court requested a

---

[1] The CFTC Reauthorization Act of 2008 took effect on June 18, 2008; thus, the relevant sections of the CEA with regard to commodities fraud are § 6b(a)(2)(i)-(iii) for acts before June 18, 2008, and § 6b(a)(1)(A)-(C) for acts after June 18, 2008.

proposed order from the CFTC, directing the calculation of civil penalties on a statutory per-violation basis.

On May 27, 2014, the CFTC filed a motion for partial reconsideration of the judgment "with respect to restitution." *See* Dkt. #68. Relying on the court's reference to *FTC v. Verity Int'l, Ltd.*, 443 F.3d 48, 67 (2d Cir. 2006), the CFTC alleges that the court defied "First Circuit precedent" in declining to order restitution.

A motion for reconsideration of an order to grant summary judgment is treated as a motion under Fed. R. Civ. P. 59(e), and is appropriate only "in a limited number of circumstances." *United States v. Allen,* 573 F.3d 42, 53 (1st Cir. 2009). "Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." *F.D.I.C. v. World Univ. Inc.,* 978 F.2d 10, 16 (1st Cir. 1992). The manifest error exception "requires a definite and firm conviction that a prior ruling on a material matter is unreasonable or obviously wrong," *Ellis v. United States*, 313 F.3d 636, 648 (1st Cir. 2002), and "to prevail on a Rule 59(e) motion based on 'manifest error of law,' the moving party must demonstrate that errors were made which were so egregious that an appellate court could not affirm the district court's judgment." *See Kelly v.*

*City of Fort Thomas, Kentucky*, 610 F. Supp. 2d 759, 781 (E.D. Ky. 2009) (collecting cases).[2]

The CFTC has made no such showing. Rather, the CFTC iterates the arguments for restitution that were made in its summary judgment pleadings and cites First Circuit precedent essentially affirming the discretion of a district court to fashion a remedy tailored to the facts of a given case.[3] The additional cases cited by the CFTC neither compel an order of restitution as a matter of law, nor are the facts of those retail advertising cases analogous to those in this case. While the court was not

---

[2] The CFTC does not suggest the discovery of previously unknowable evidence.

[3] In the First Circuit case which the CFTC cites, defendant retailers appealed a district court order of restitution for deceptive advertising, and argued, citing the *Verity* case, that "damages for deceptive advertising are limited to actual profits, not gross receipts." *F.T.C. v. Direct Mktg. Concepts*, 624 F.3d 1, 14 (1st Cir. 2010). The Court rejected the argument on appeal, noting "the law allows for broad discretion in fashioning a remedy for deceptive advertising; many cases uphold rescission (effectively, restoring the parties to pre-sale status) or restitution (under these facts, the same) as appropriate remedies." *Id.* Further, noting that "in many cases in which the FTC seeks restitution, the defendant's gain will be equal to the consumer's loss," *id.* (quoting *Verity*, 443 F.3d at 68), the Court emphasized that, given a set of unique facts, "*Verity* [held] only that 'certain circumstances require the court to limit disgorgement to the defendant's profits.'" *Direct Mktg.*, 624 F.3d at 14 (quoting *FTC v. Trudeau*, 579 F.3d 754, 772 (7th Cir. 2009)). Thus, the First Circuit held the district court's conclusion that gross receipts were an appropriate measure of damages in that consumer protection case, "was consistent with *Verity* and within the bounds of the district court's discretion in fashioning an equitable remedy." *Id.*

persuaded by the CFTC's argument that restitution should be awarded, "[t]hat [a party] has a difference of opinion with the Court in this matter is not grounds for reconsideration under Rule 59(e)." *Trabal Hernandez v. Sealand Servs. Inc.*, 230 F. Supp. 2d 258, 260 (D. P.R. 2002). Consequently, the motion to reconsider is <u>DENIED</u>.

                SO ORDERED.

                <u>/s/ Richard G. Stearns</u>
                UNITED STATES DISTRICT JUDGE