UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JOHN B. WILSON AND JBW CAPITAL LLC,<br><br>Defendants. | Case No. 12-CV-11799 (RGS)<br><br>*Hon. Richard G. Stearns* |

### FINAL JUDGMENT FOR PERMANENT INJUNCTION AND CIVIL MONETARY PENALTY

Final judgment is hereby entered in favor of Plaintiff United States Commodity Futures Trading Commission ("Commission" or "CFTC") and against Defendants John B. Wilson ("Wilson") and JBW Capital LLC ("JBW") on Counts I, II and III of the Complaint.

**IT IS HEREBY ORDERED THAT:**

### A.    PERMANENT INJUNCTION

Defendants Wilson and JBW are **PERMANENTLY RESTRAINED, ENJOINED AND PROHIBITED** from directly or indirectly:

1. Knowingly, willfully, or recklessly: (1) cheating or defrauding or attempting to cheat or defraud other persons; (2) making or causing to be made false reports or statements to such other persons; and/or (3) deceiving or attempting to deceive such other persons, in or in connection with orders to make, or the making of, any commodity for future delivery, or swap,

on or subject to the rules of a designated contract market, made for or on behalf of such other persons, in violation of the anti-fraud provisions of Section 4b(a)(1)(A)-(C) of the Act, 7 U.S.C. § 6b(a)(1)(A)-(C);

2. While acting as a Commodity Pool Operator ("CPO") (defined in Section 1a(11) of the Act, 7 U.S.C. § 1a(11), as any person who is engaged in a business that is of the nature of a commodity pool, investment trust, syndicate, or similar form of enterprise, and who, in connection therewith, solicits, accepts, or receives from others, funds, securities, or property, either directly or through capital contributions, the sale of stock or other forms of securities, or otherwise, for the purpose of trading in commodity interests, or who is registered as a CPO), or acting as a Commodity Trading Advisor ("CTA") (defined by Section 1a(12) of the Act, 7 U.S.C. § 1a(12), as any person who (i) for compensation or profit, engages in the business of advising others, either directly or through publications, writings, or electronic media, as to the value of or the advisability of trading in commodity futures, security futures, swaps, foreign exchange currencies ("forex"), commodity options, or leveraged transactions described in Section 23 of the Act, 7 U.S.C. § 23, or (ii) for compensation or profit, and as part of a regular business, issues or promulgates analyses or reports concerning any of the activities referred to in clause (i), or (iii) who is registered as a CTA), using the mails or any means or instrumentality of interstate commerce to directly or indirectly a) employ a scheme or artifice to defraud pool participants and clients or prospective pool participants and prospective clients, or b) engage in transactions, practices or courses of business which operate as a fraud or deceit upon pool participants and clients or prospective pool participants and prospective clients, in violation of Section 4o(1)(A)-(B) of the Act, 7 U.S.C. § 6o(1)(A)-(B).

3. Using the mails or any means of instrumentality of interstate commerce to engage in a business that is of the nature of an investment trust, syndicate, or similar form of enterprise, and in connection therewith, soliciting, accepting, or receiving from others, funds, securities, or property, either directly or indirectly or through capital contributions, for the purpose of trading in commodities for future delivery, or swaps, on or subject to the rules of a contract market or derivatives transaction execution facility in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1),

4. Defendants Wilson and JBW are also **PERMANENTLY RESTRAINED, ENJOINED AND PROHIBITED** from:

> a) trading on or subject to the rules of any registered entity (as that term is defined in Section 1a of the Act, as amended, 7 U.S.C. § 1a(40)), either on their own behalf or on behalf of others;
>
> b) entering into any transactions involving commodity futures, swaps (as that term is defined by Section 1a(47) of the Act, as amended, and further defined by CFTC Regulation 1.3(xxx), 17 C.F.R. § 1.3(xxx)), options on commodity futures, or commodity options (as that term is defined by 17 C.F.R. § 1.3(hh) (2013) ("commodity options")), security futures products, and/or foreign currency (as described in 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i) ("forex contracts")), on or subject to the rules of any registered entity, as that term is defined by 7 U.S.C. § 1a(40), either on their own behalf or on behalf of others;
>
> c) having any commodity futures, options on commodity futures, commodity options, security futures products, swaps and/or forex contracts traded on their behalf;

3

d) controlling or directing the trading for or on behalf of any other person or entity, in any account involving commodity futures, options on commodity futures, commodity options, security futures products, swaps and/or forex contracts;

e) soliciting or accepting any funds from any person for the purpose of purchasing or selling commodity futures, options on commodity futures, commodity options, security futures products, swaps, and/or forex contracts;

f) applying for registration or claiming exemption from registration with the CFTC in any capacity, and engaging in any activity requiring registration or exemption from registration with the CFTC, except as provided for in 17 C.F.R. § 4.14(a)(9), and/or

g) acting as a principal (as defined in 17 C.F.R. § 3.1(a)), agent or any other officer or employee of any person (as defined in 7 U.S.C. § 1a(38)) registered, exempted from registration or required to be registered with the CFTC, except as provided for in 17 C.F.R. § 4.14(a)(9).

### B.    CIVIL MONETARY PENALTY

5.    Defendants Wilson and JBW shall pay, jointly and severally, a civil monetary penalty of $2,860,000 (two million eight hundred sixty thousand dollars) ("CMP Obligation") plus post-judgment interest using the Treasury Bill rate prevailing on the date of this Order pursuant to 28 U.S.C. § 1961 (2006), within ten (10) days of the date of entry of this Order.

6.    Defendants shall pay this CMP Obligation by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to

be made other than by electronic funds transfer, the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

> Commodity Futures Trading Commission
> Division of Enforcement
> ATTN: Accounts Receivables
> DOT/FAA/MMAC/AMZ-341CFTC/CPSC/SEC
> 500 S. MacArthur Blvd. Oklahoma City, OK 73169
> (405) 954-7262 office
> (405) 954-1620 fax
> nikki.gibson@faa.gov

7. If payment by electronic transfer is chosen, Defendants shall contact Nikki Gibson at the address above or her successor for instructions and shall fully comply with those instructions. The paying Defendant shall accompany payment of the CMP Obligation with a cover letter that identifies the paying Defendant and the name and case number of this proceeding. The paying Defendant shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington DC 20581.

8. Any acceptance by the Commission of partial payment of Defendants' CMP Obligation shall not be deemed a waiver of Defendants' obligation to make further payments pursuant to this Final Judgment, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

9. This Court shall retain jurisdiction of this case to assure compliance with this Final Judgment and for all other purposes related to this action, including any motion by Defendants to modify, or for relief, from the terms of this Final Judgment.

10. The injunctive and equitable relief provisions of this Final Judgment shall be binding upon Defendants; upon Defendants' officers, agents, servants, employees, and attorneys;

5

and upon any other persons who receive actual notice of this Final Judgment, by personal service, e-mail, facsimile or otherwise insofar as they are in active concert or participation with Defendants or with Defendants' officers, agents, servants, employees, and attorney.

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Final Judgment and Order for Permanent Injunction and Civil Monetary Penalty.

IT IS SO ORDERED THIS 5th day of October, 2014.

/s/ Richard G. Stearns
Hon. Richard G. Stearns
UNITED STATES DISTRICT COURT JUDGE