UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

===============================
COMMODITY FUTURES TRADING  :
     COMMISSION,            :
                            :
     Plaintiff/Appellee,    :
                            :
     v.                     :   Civil Action No.1:12-CV-11799-RGS
                            :
JOHN B. WILSON, and         :
JBW CAPITAL, LLC,           :
                            :
     Defendants/Appellants. :
                            :
===============================

## NOTICE OF APPEAL OF
## DEFENDANTS/APPELLANTS JOHN B. WILSON AND JBW CAPITAL, LLC

NOW COME the Defendants/Appellants (hereinafter the "Defendants"), John B. Wilson (hereinafter "Wilson") and JBW Capital LLC (hereinafter "JBW Capital" or "JBW"), pursuant to the Federal Rules Civil Procedure and the Rules of Appellate Procedure of the United States Court of Appeals for the First Circuit, and hereby respectfully appeal the Judgment, Orders, and Decisions below and as entered by the U.S. District Court for the District of Massachusetts (the "District Court") as to the claims, causes of action, and allegations of the Plaintiff/Appellee (hereinafter the "Plaintiff"), U.S. Commodity Futures Trading Commission (hereinafter "CFTC" or the "Commission"), against the Defendants, including but not limited to the District Court's Judgment, Orders, and Decisions as follows:

1) the Judgment of the District Court of Massachusetts, dated October 5th, 2014; and/or

2) the District Court's Memorandum and Order on Plaintiff's Motion for Summary Judgment, dated May 16th, 2014, granting summary judgment for the Plaintiff,

1

including but not limited, upon the following issues:

a) the District Court's decision and findings that material facts were not in dispute in its Decision to grant the Plaintiff's Motion for Summary Judgment;

b) the District Court's Decision to grant the Plaintiff's Motion for Summary Judgment on the Plaintiff's claims as matters of law;

c) the District Court's decision and findings that "state of mind", "motive", and/or "intent" were not material facts in dispute in its Decision to Plaintiff's Motion for Summary Judgment;

d) the District Court's decision and findings as to the appropriateness of summary judgment as to disputed material facts as to "state of mind", "motive", and/or "intent", and its improper application of the standard permitting summary judgment when a nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation;

e) the District Court's decision and findings as a matter of law in its application of the standard that a nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation as to "state of mind", "motive", and/or "intent" in its Decision to grant the Plaintiff's Motion for Summary Judgment,

f) the District Court's decision and findings denying, as a matter of law, the Defendants' "advice-of-counsel" defense in its Decision to grant the Plaintiff's Motion for Summary Judgment;

g)     the District Court's decision and findings that material facts were not in dispute as to the Defendants' "advice-of-counsel" defense as to its application to the advice of the Defendants' certified public accountants (the "CPA's"), in its Decision to grant the Plaintiff's Motion for Summary Judgment;

h)     the District Court's decision and findings that material facts were not in dispute as to the whether the Defendants acted in good faith in the belief that they had a good cause for their actions and not in seeking an opinion to shelter themselves in the Defendants' "advice-of-counsel" defense in its Decision to grant the Plaintiff's Motion for Summary Judgment;

i)     the District Court's decision and findings that material facts were not in dispute as to the whether the Defendants made a full and honest disclosure of all the material facts within their knowledge or belief in the Defendants' "advice-of-counsel" defense in its Decision to grant the Plaintiff's Motion for Summary Judgment;

j)     the District Court's decision and findings that material facts were not in dispute as to the whether the Defendants were doubtful of their legal rights in the Defendants' "advice-of-counsel" defense in its Decision to grant the Plaintiff's Motion for Summary Judgment;

k)     the District Court's decision and findings that material facts were not in dispute as to the whether the Defendants had reason to know that their counsel was competent in the Defendants' "advice-of-counsel" defense in its Decision to grant the Plaintiff's Motion for Summary Judgment;

l)   the District Court's decision and findings that material facts were not in dispute as to the whether the Defendants honestly complied with their counsel's advice in the Defendants' "advice-of-counsel" defense in its Decision to grant the Plaintiff's Motion for Summary Judgment;

m)   the District Court's decision and findings that material facts were not in dispute as to the whether the Defendants' counsel was of such training and experience that they were able to exercise prudent judgment on such matters in the Defendants' "advice-of-counsel" defense in its Decision to grant the Plaintiff's Motion for Summary Judgment;

n)   the District Court's decision to apply the securities law, as "compelling analogy" as a matter of law, as to the Defendants' failure to register under the commodities laws, in its Decision to grant the Plaintiff's Motion for Summary Judgment;

o)   the District Court's decision and findings that, as a matter of law, "state of mind," "motive", and/or "intent" are inapplicable as to the Defendants' failure to register under the commodities laws, in its Decision to grant the Plaintiff's Motion for Summary Judgment;

p)   the District Court's decision and findings that material facts were not in dispute as to "state of mind," "motive", and/or "intent" to the Defendants' failure to register under the commodities laws, in its Decision to grant the Plaintiff's Motion for Summary Judgment;

q)   the District Court's decision and findings, as a matter of law, in its application of the standard of strict liability under the securities laws

registration requirements as to the Defendants' failure to register under the commodities laws, in its Decision to grant the Plaintiff's Motion for Summary Judgment;

r)  the District Court's decision and findings that material facts were not in dispute as to "recklessness" of the Defendants in its Decision to grant the Plaintiff's Motion for Summary Judgment;

s)  the District Court's decision and findings, as a matter of law, as to the "recklessness" of the Defendants, in its Decision to grant the Plaintiff's Motion for Summary Judgment;

t)  the District Court's decision and findings that material facts were not in dispute as to the "reliance" of third-parties on representations of the Defendants, in its Decision to grant the Plaintiff's Motion for Summary Judgment;

u)  the District Court's decision and findings that, as a matter of law, in exclusion of "reliance" of third-parties on representations of the Defendants, from its application of the standard of liability, in its Decision to grant the Plaintiff's Motion for Summary Judgment;

v)  the District Court's decision and findings that, as a matter of law, liability under Sections 6o(1)(A) and/or 6o(1)(B) of the Commodities Exchange Act, does not require "scienter", in its Decision to grant the Plaintiff's Motion for Summary Judgment;

w)  the District Court's decision and findings that as to calculation and determination of civil penalties as to the Defendants' conduct, in its

        Decision to grant the Plaintiff's Motion for Summary Judgment;

x)    the District Court's decision and findings, as a matter of law, in its application of the standard for civil penalties as to the Defendants' conduct, in its Decision to grant the Plaintiff's Motion for Summary Judgment;

y)    the District Court's decision and findings in its denial of the Defendants' Motion for an Evidentiary Hearing and denial of the submission of evidence as to civil penalties as to the Defendants' conduct, in its Decision to grant the Plaintiff's Motion for Summary Judgment; and/or

z)    the District Court's decision to deny the Defendants' Motion to Compel Plaintiff Commodity Futures Trading Commission to Provide Discovery, to Deem Certain Matters as Admitted, and for Sanctions, dated October 4th, 2013, solely as to the Defendants' Requests for Admissions to the Plaintiff.

WHEREFORE, the Defendants respectfully request that the United States Court of Appeals for the First Circuit review and reverse the District Court on the issues and matters referenced above, make such findings and rulings of law as may be consistent therewith, and thereafter remand the instant action to the U.S. District Court for a trial on the merits, and for such other relief as the Court of Appeals deems just and appropriate.

        Respectfully Submitted,
        DEFENDANTS/APPELLANTS, JBW Capital,
          LLC and John B. Wilson

        By their Attorneys,


        */s/ Philip M. Giordano*
        Philip M. Giordano, Esq. (BBO # 193530)
        Giordano & Company, P.C.
        REED & GIORDANO, P.A.
        101 Tremont Street, Suite 900
        Boston, Massachusetts 02108-5005
        Telephone: (617) 723-7755
        pgiordano@reedgiordano.com


Dated: November 4, 2014

## CERTIFICATE OF SERVICE

    I, Philip M. Giordano, hereby certify that on this 4th day of November 2014, I filed the Defendants' Notice of Appeal, using the CM/ECF system, which will provide electronic notice to counsel of record of all parties, and by first class mail, postage prepaid, to counsel for the parties.

                                              */s/ Philip M. Giordano*
                                              Philip M. Giordano

Dated:  November 4, 2014